IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RICKY RONNELL EWING                                                               PLAINTIFF

v.                                                            CIVIL NO. 1:16cv56-HSO-JCG

KAITY SANFORD                                                                    DEFENDANT

## ORDER OVERRULING PLAINTIFF'S OBJECTION [37], ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [35], AND GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [28]

This matter comes before the Court on Plaintiff Ricky Ronnell Ewing's Objection [37] to the Report and Recommendation [35] of United States Magistrate Judge John C. Gargiulo, entered in this case on April 7, 2017, regarding Defendant's Motion for Judgment on the Pleadings [28]. Based upon his review of Defendant's Motion [28], the related pleadings, and relevant legal authority, the Magistrate Judge determined that Plaintiff had not exhausted his available administrative remedies and recommended that Defendant's Motion [28] be granted under the Federal Rule of Civil Procedure 56 standard, and that this case be dismissed without prejudice. R. & R. [35] at 4-7.

After thoroughly reviewing Plaintiff's Objection [37], the Magistrate Judge's Report and Recommendation [35], Defendant's Motion [28], the record, and relevant legal authority, the Court finds that Plaintiff's Objection [37] should be overruled, that the Magistrate Judge's Report and Recommendation [35] should be adopted as

the finding of the Court, that Defendant's Motion for Judgment on the Pleadings [28] should be granted, and that this case should be dismissed without prejudice.[1]

## I. BACKGROUND

Pro se Plaintiff Ricky Ronnell Ewing ("Plaintiff"), proceeding *in forma pauperis*, filed a Complaint [1] pursuant to 42 U.S.C. §1983 in this Court on February 19, 2016. At that time, Plaintiff was incarcerated at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. Compl. [1] at 1. The Complaint [1] named as Defendant Kaity Sanford. *Id.* Subsequently, a Waiver of Service of Summons [19] and an Answer [23] was filed by Defendant Kaity Sanford, which reflected that her correct name is Kathy Padgett-Sanford ("Defendant"). Ans. [23] at 1.

Plaintiff alleges that on February 2, 2016, Defendant refused to give him an "alcohol pad" after having given a "white guy" two alcohol pads, and that her reason for refusing Plaintiff's request was because she was "races (sic)." Compl. [1] at 3-5; Obj. [37] at 4-5; Ex. [37-3] at 1. Plaintiff appears to assert claims for conspiracy, racial discrimination, and harassment. Compl. [1] at 3. In the form Complaint for § 1983 claims, Plaintiff responded affirmatively when asked whether he had

---

[1] Although it appears that Defendant's Motion requested that Plaintiff's Complaint be dismissed with prejudice and that Plaintiff be assessed a strike, the Court concurs with the Magistrate Judge's recommendation that this case be dismissed without prejudice due to Plaintiff's failure to exhaust his administrative remedies. Defendant's request for relief other than dismissal without prejudice is implicitly denied in the Report and Recommendation.

2

"completed the Administrative Remedy Program ["ARP"] regarding the claims presented in this complaint?" Compl. [1] at 3. Plaintiff then admits that he "having (sic) heard anything yet" in response to the question seeking the results of the ARP procedure. *Id.*

On January 24, 2017, Defendant filed a Motion for Judgment on the Pleadings [28] asserting that Plaintiff failed to file an ARP grievance let alone exhaust his available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (the "PLRA"), therefore mandating dismissal of his claims. Mot. [28] at 1-2; Aff. Joseph Cooley [28-2] at 1; Mem. in Supp. [29] at 3-5. Defendant further argues that Plaintiff fails to assert a "viable claim of inadequate medical treatment" or to even "allege facts sufficient to support a plausible claim that Nurse Sanford acted with deliberate indifference to the treatment of his serious medical condition." Mem. in Supp. [29] at 5-8. Defendant seeks the dismissal with prejudice of Plaintiff's frivolous claims, and asks that the dismissal be adjudged as a strike against Plaintiff under the PLRA. Mot. [28] at 2; Mem. in Supp. [29] at 8.

Plaintiff's response in opposition, styled as an "Objection" [32], maintains that Plaintiff did file an ARP claim and refers to several alleged "Exhibits" although there are no exhibits attached to the responsive pleading.[2] Obj. [32] at 1-7.

---

[2] Plaintiff did file "Exhibits" in support of his response in opposition to Defendant's Rebuttal [33] styled "Motion to Rebuttal" [34]. Exhibit "C" is an ARP form dated "2/9/16" asserting that Plaintiff's request for an alcohol pad on "2/2/16" was denied by Defendant as

3

Plaintiff also appears to admit that he has not received a response to the alleged ARP claim. *Id*.

On April 7, 2017, the Magistrate Judge entered a Report and Recommendation [35]. The Magistrate Judge determined that even if Plaintiff had filed an ARP claim concerning the February 2, 2016 incident, he failed to exhaust his available administrative remedies prior to filing the Complaint in this case on February 19, 2016. The Magistrate Judge recommended that, because Defendant filed an Affidavit in support of her Motion, the Defendant's Motion for Judgment on the Pleadings [28] be granted under the summary judgment standard of Federal Rule of Civil Procedure 56, and that Plaintiff's claims be dismissed without prejudice. R. & R. [35] at 1-7.

Plaintiff filed an "Objection" [37] to the Report and Recommendation on April 24, 2017, maintaining that he exhausted the ARP process because he filed an ARP grievance although MDOC never processed it. Obj. [37] at 2.

## II. DISCUSSION

A. Standard of Review

Because Plaintiff has objected to the Magistrate Judge's Report and Recommendation, this Court is required to make a de novo determination of "'those portions of the [magistrate's] report or specified proposed findings or

---

set forth in his Complaint. Exh. "3" [34-3] at 1. Exhibit "C" is date stamped "FEB 24 2016" by the Circuit Clerk of Green County, Mississippi. *Id*.

4

recommendations to which objection is made.'" *Funeral Consumers All. Inc. v. Serv. Corp Int'l*, 695 F.3d 330, 347 (5th Cir. 2012) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983) (quoting 28 U.S.C. § 636(b)(1)); *see also Longmire v. Guste,* 921 F.2d 620, 623 (5th Cir. 1991) (noting parties are entitled to a de novo review by an Article III Judge as to those issues to which an objection is made).

A court is not required, however, to make new findings of fact independent of those made by a magistrate. *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000). Nor is a court required to reiterate the findings and conclusions of a magistrate judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). Also, a court need not consider objections which are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987); *see also Nettles v. Wainwright,* 677 F.2d 404, 410 n. 8 (5th Cir.1982) ("Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court.").

B. <u>Plaintiff was required to exhaust his available administrative remedies prior to filing suit.</u>

"The PLRA requires prisoners to exhaust 'such administrative remedies as are available' prior to filing a § 1983 action regarding prison conditions." *Cowart v. Erwin*, 837 F.3d 444, 451 (5th Cir. 2016) (quoting 42 U.S.C. § 1997e(a)). The United States Supreme Court has held that § 1997e's exhaustion "language is 'mandatory.'" *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). "And that mandatory language means a court may not excuse a failure to exhaust, even to take [any

5

special] circumstances into account." *Id.* "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.*

The United States Court of Appeals for the Fifth Circuit has explained that "[t]he prison's grievance procedures, and not the PLRA, define the remedies that are available and must thus be exhausted." *Cowart*, 837 F.3d at 451. The Fifth Circuit takes a "'strict' approach to § 1997e's exhaustion requirement, under which prisoners must not just substantially comply with the prison's grievance procedures, but instead must exhaust available remedies *properly*." *Id.* (emphasis in original) (quotation omitted).

The MDOC utilizes a "formal two-step process for handling inmate grievances." *Yankton v. Epps*, 652 F. App'x 242, 245 (5th Cir. 2016) (citing Miss. Code § 47-5-801, *et seq*.; *Wilson v. Epps*, 776 F.3d 296, 300 n.2 (5th Cir. 2015)).

> "[T]o ensure their right to use the formal [ARP]," inmates "must make their request to the Adjudicator in writing within a 30 day period after an incident has occurred." [Inmate Handbook, MDOC, ch. VIII, sec. IV.] They are, however, discouraged from making repetitive requests and "are encouraged to continue to seek solutions to their concerns through informal means." [*See id.*]
>
> Prior to the "first step" of this procedure, the Adjudicator screens the request to determine whether it meets specified criteria. [*See id.* at ch. VIII, sec. V.] If a request fails to meet that criteria, the Adjudicator will reject it and notify the inmate via Form ARP–1. [*See id.* at ch. VIII, sec. VI.] If the request meets the criteria, however, the Adjudicator will accept it into the ARP, and the request will then proceed to the first step. At the first step, the appropriate MDOC official receives the request via Form ARP–1 and provides a "first-step response" to the request via Form ARP–2. If the inmate is satisfied with this first-step response, he does

6

not need to do anything further. If unsatisfied, however, the inmate may then proceed to the "second step" by indicating as much on the same Form ARP–2. At the second step, another appropriate MDOC official, such as a warden, provides the "second-step response" via Form ARP–3. If unsatisfied with the second-step response, the inmate may then bring a claim in court. [*See* Inmate Handbook, MDOC, ch. VIII, sec. IV.]

*Id*.

C. <u>Plaintiff's claims should be dismissed without prejudice for failure to exhaust administrative remedies.</u>

Having conducted a de novo review of the record, the Court agrees with the conclusions reached by the Magistrate Judge. Whether or not Plaintiff filed an ARP grievance, Plaintiff admitted on the face of his Complaint that he had not received a response to his grievance. Compl. [1] at 3. Although Plaintiff's Objection to the Report and Recommendation maintains that Plaintiff completed the ARP process, Obj. [28] at 3, the only evidence provided to support this allegation is Plaintiff's ARP grievance he dated "2/9/16" which was date stamped as received on February 24, 2016, by the Circuit Clerk of Greene County, Mississippi. Ex. [37-3] at 1. Plaintiff has failed to produce any evidence that he completed the ARP process or otherwise exhausted his administrative remedies prior to filing his Complaint [1] or his Objection [37].

Because of Plaintiff's failure to exhaust, dismissal is appropriate. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Defendant's Motion for Judgment on the Pleadings [28] should be granted, and Plaintiff's claims should be dismissed without prejudice. To the extent Defendant's Motion requests any

7

further relief, that relief was implicitly denied in the Magistrate Judge's Report and Recommendation.

### III. CONCLUSION

Plaintiff's Objection [37] will be overruled, and the Magistrate Judge's Report and Recommendation [35] will be adopted as the finding of this Court. Defendant's Motion for Judgment on the Pleadings [22] will be granted, and Plaintiff's claims will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Ricky Ronnell Ewing's Objection [37] is **OVERRULED**, and the Report and Recommendation [35] of United States Magistrate Judge John C. Gargiulo, entered in this case on April 7, 2017, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant's Motion for Judgment on the Pleadings [22] is **GRANTED**, and Plaintiff Ricky Ronnell Ewing's claims are **DISMISSED WITHOUT PREJUDICE**. A separate final judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 20th day of June, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE